IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RON RYAN, | ) | Case No. 4:10CV3019 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PROTECTIVE ORDER** |
| | ) | |
| CAPITAL CONTRACTORS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

WHEREAS, the parties agree that parties to this action may consider certain information, documents, and other items discoverable in the above-captioned matter, pursuant to Fed. R. Civ. P. 26(c), to be confidential or proprietary in nature and that such party may seek to protect such items from disclosure, or to designate such items confidential to avoid making such information available to non-disclosed party representatives, party employees, non-parties or the generally public;

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, through their undersigned counsel, that:

1.  The following definitions shall apply to the Stipulated Protective Order to be issued in this action:

    "Attorneys" means counsel of record;

    "Confidential" documents or materials are documents designated pursuant to paragraph 2;

    "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

"Written Assurance" means an executed document in the form attached as Exhibit A.

2.  Confidential Documents/Material. As used herein, the term "Confidential Material" shall mean "confidential personal financial information and personal bank records, documents, materials, trade secrets, or proprietary information designated by a party in good faith to be confidential." The following information is also considered Confidential Material and/or Confidential Information, if so designated: (1) customer and client names, lists and contact information; (2) employee and owner social security numbers and contact information; and (3) employee medical information that may be included in personnel files. A party may designate any document, including interrogatory responses, other discovery responses, or transcripts, to be "Confidential" that it in good faith contends to constitute or contain Confidential Material, Confidential Information, trade secrets or proprietary information.

Each party shall designate such material it deems "Confidential" by marking all documents with the designation "Confidential." In lieu of marking a document with the designation "Confidential," the producing party can produce written documentation in which it identifies the documents it designates "Confidential." Only such portions of a deposition transcript as are affirmatively designated in writing by a party to be "Confidential" shall be treated as confidential. The party designating a portion of a deposition transcript as confidential shall provide written

notice to all parties by listing the page and inclusive line numbers of the material to be kept confidential, and shall designate such pages confidential. In any deposition transcript in which any portion of the transcript has been designated confidential by any party, the court reporter, or the party holding the original transcript, shall imprint the word "Confidential" on the front page of the original of the deposition transcript. A deposition containing confidential information shall not be filed with the Court unless it is filed as provided in Paragraph 5 of this Stipulated Protective Order.

Expert reports and/or summaries containing Confidential Information shall be automatically deemed confidential if the information used to prepare the expert reports and/or summaries included Confidential Materials and/or Confidential Information. An expert report may avoid a Confidential designation if the expert report avoids specifically referencing confidential information and/or replaces confidential information with non-confidential descriptions. (i.e., Residential Project No. 1 or Client No. 2).

3. Prosecution and/or Defense of This Action. As used herein, the phrase "prosecution and/or defense of this action" shall mean preparation for trial of this action, including specifically, but not exclusively, pre-trial discovery pursuant to the Federal Rules of Civil Procedure, trial of this action, any alternative dispute resolution in this action, including but not limited to mediation, and preparation for, participation in, and prosecution and defense of, any appeal, rehearing, review or other judicial proceeding which relates to the subject matter of this action.

4. Use of Confidential Information: Unless and until agreed by the undersigned parties, or ordered by the Court, all materials and information appropriately designated to be "Confidential," and any summaries, compilations or other work product which contains or reflects such confidential materials, shall be kept and treated as confidential and shall be used only for purposes of the prosecution and/or defense of this action. Confidential Materials designated as "Confidential" shall not be disclosed to any person or entity other than: (a) Counsel of record for the parties in this action, including partners, associates and employees of such counsel; (b) qualified persons recording testimony involving documents or information described in paragraph 1.A. (i.e., court reporters) and necessary stenographic or clerical assistants thereof; (c) to the extent necessary for the prosecution and/or defense of this action, the named parties themselves, including any trustees, administrators, officers, directors, employees or agents of the named parties, and Denise Dyer; (d) to the extent necessary for the prosecution and/or defense of this action, expert witnesses, consultants, potential witnesses and/or any other person retained in connection with the prosecution and/or defense of this action; and (e) the Court.

5. (a) In the event a receiving party wishes to use any "Confidential" information or materials in any affidavits, briefs, memoranda of law, deposition transcripts, or other papers filed with the Court in this lawsuit, the party submitting the information to the court shall electronically file a motion to file restricted access

documents and file the documents as restricted access documents using the court's Case Management/Electronic Case Filing

system (CM/ECF). The motion shall state the restricted access documents filed contain "Confidential" information which is subject to an agreed protective order between the parties, and not to be placed on the public docket except upon order of the court.

(b) Documents filed by counsel on CM/ECF as restricted access documents can be accessed and viewed by the attorneys of record and the court, but not by the general public. Once the motion to file as restricted access documents is granted, these documents will continue to be accessible for viewing by only the court and the attorneys of record during

the pendency of this case and after its conclusion.

(c) This paragraph does not apply to exhibits offered at a hearing or trial. Any Party shall be entitled to seek a protective order concerning "Confidential" material to be introduced in such a proceeding as it deems reasonable and/or necessary to protect disclosure of such information to the public. No later than fourteen (14) days before the date of any hearing or trial, a receiving Party shall advise a producing Party in writing of any "Confidential" material he or she intends to use in such proceeding to afford the producing Party an opportunity to seek a protective order.

6. Promptly upon completion of this action, each party shall return to the designating party all documents designated by that party as "Confidential" and all copies

thereof, except deposition transcripts or documents filed with the Court. Each party shall certify in writing that it has returned all documents designated as "Confidential" in accord with this paragraph. Termination of the prosecution and/or defense of this action shall not, however, relieve any person to whom Confidential Material and/or Confidential Information was disclosed, including counsel for the parties, from the obligation of maintaining the confidentiality of all Confidential Material and/or Confidential Information received pursuant to this Stipulated Confidentiality Agreement.

7. Any party may object to the designation by any other party of any material as "Confidential" by notifying the party that designated the material as confidential in writing and stating the basis for its objection. The parties shall, within seven (7) days after service of the objection, meet and confer in an attempt to resolve the dispute. If the designating party refuses to meet within the required seven (7) days, or if the parties are unable, after meeting and conferring, to resolve the matters, the dispute may be submitted to the Court for resolution. The party challenging the designation of materials as "Confidential" shall have the burden to establish the impropriety of that designation. If the Court determines that a party has unreasonably or in bad faith designated documents or materials to be "Confidential" which are neither confidential nor entitled to protection under Fed. R. Civ. P. 26(c), the Court shall award the appropriate sanctions, as enumerated in Fed. R. Civ. P. 37(a)(5).

8. If a party inadvertently discloses any document or thing containing information that it deems confidential without designating it as "Confidential," the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing and the receiving party shall thereafter treat the information as "Confidential" under this Stipulated Confidentiality Agreement. To the extent such information may have been disclosed to persons other than authorized person described in this document, the receiving party shall make every reasonable effort to retrieve the information promptly from such person and to avoid any further disclosure to non-authorized person. (b) If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within ten (10) days of the earliest of (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure and Local Rules.

9. Notwithstanding any other provision of this Stipulated Protective Order, any person indicated on the face of a "Confidential" document as having been its originator, author, or a recipient thereof, may be shown the same. That person's representative may also be shown the same.

10. Nothing in this stipulation shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this stipulation with respect to particular material designated hereunder.

11. Each of the firms and parties named above, by executing a copy of this Stipulated Protective Order, undertakes to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

Date: October 6, 2010

Date: October 6, 2010

s/ Kathleen M. Neary
Kathleen M. Neary – 20212
VINCENT M. POWERS & ASSOCIATES
411 S. 13th Street, Suite 300
Lincoln, NE 68508
(402) 474-8000
Attorney for Plaintiff

s/ Steve Williams
Steve Williams – 21111
HARDING & SHULTZ P.C., L.L.O.
800 Lincoln Square
121 South 13th Street
P.O. Box 82028
Lincoln, NE 68501-2028
(402) 434-3000
Attorney for Defendant

IT IS ORDERED:
The terms and conditions of the foregoing Stipulation for Protective Order are hereby adopted and ordered by the court.
    Dated this 14th Day of October, 2010.

United States Magistrate Judge

# EXHIBIT "A"

## WRITTEN ASSURANCE

I, the undersigned, do hereby acknowledge that I have read the Stipulation for Protective Order and the Protective Order entered by the Court in the action of *Ron Ryan v. Capital Contractors, Inc.* and hereby covenant, warrant and agree: (1) to abide in full by its terms regarding the confidentiality of the Confidential Information, as that term is defined in the Stipulation for Protective Order, which I am being provided, and that I will not disclose or cause to be disclosed such Confidential Information to any person not permitted to receive or otherwise access such information under the Stipulation for Protective Order, (2) that such Confidential Information should be used only for purposes necessary for the litigation of the claims between and among the parties to the action of *Ron Ryan v. Capital Contractors, Inc.* and not for any other purpose, whether business or otherwise, and (3) that I will return all Confidential Information that I receive upon my having served the purpose which caused me to receive the Confidential Information in accordance with the provisions of the Stipulation for Protective Order.

DATED:_____       _____
                              Printed Name


                              _____
                              Signature