IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RON RYAN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CV3019 |
| | ) | |
| v. | ) | |
| | ) | |
| CAPITAL CONTRACTORS, INC., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the Plaintiff's Motion to Amend (filing no. 45). For the reasons set forth below, the motion is denied.

BACKGROUND

Ron Ryan ("Ryan") initiated a discrimination suit against Capital Contractors, Inc. ("Capital") in the District Court of Lancaster County. The action was removed to this court on February 2, 2010, (filing no. 1). The complaint alleges Ryan is a disabled individual for the purposes of the Nebraska Fair Employment Practices Act and the Americans with Disabilities Act, (filing no. 1, Ex. A ¶6), was subjected to a hostile work environment while employed at Capital, and was wrongfully terminated due to his age and disability. Filing No. 1, Ex. A ¶¶ 13 - 21.

Prior to filing the suit in Lancaster County Court, Ryan filed a complaint with the Equal Employment Opportunity Commission ("EEOC") through the Lincoln Commission on Human Rights (the "Commission"). Filing No. 1, Ex. A ¶ 5. In his EEOC complaint, Ryan alleged "age" and "disability" discrimination. Filing No. 50-1, Ex.7. In his narrative on the Commission's complaint form, he described the alleged hostile work environment

and the allegedly discriminatory grounds for his termination. Id. The form does not mention or cite to Capital's alleged failure to rehire or reinstate Ryan.

Ryan now seeks to amend his complaint by adding allegations that Capital discriminated against Ryan when it rehired Ryan's younger co-worker who was allegedly involved in a physical altercation that led to Ryan's termination, but failed to rehire Ryan upon his request. Filing No. 45. Although Ryan apparently does not seek to add a new independent count to his complaint, he is requesting the court allow Counts II and III to be amended by adding the phrase "having his request for reinstatement and/or rehire rejected by the Defendant" as a basis for his age and disability discrimination claims. Filing No. 45.

## ANALYSIS

After the time for amending a pleading as a matter of course has expired, Federal Rule of Civil Procedure 15(a)(2) provides that a pleading may only be amended if the opposing party provides written consent or with leave of the court. In general, courts are encouraged to allow amendments liberally. See Shen v. Leo A. Daly Co., 222 F.3d 472, 478 (8th Cir. 2000).

> [A] district court can refuse to grant leave to amend a pleading only where it will result in undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment.

Dennis v. Dillard Dept. Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000)(internal citations omitted); see also K-tel Int'l, Inc. Sec. Litig., 300 F.3d 881, 899 (8th Cir. 2002)(noting futility constitutes a valid reason for denial of leave to amend).

With respect to a suit based on discrimination, a party must exhaust all administrative remedies prior to filing a lawsuit in federal court.  See Ross v. Douglas County, 234 F.3d 391, 395 (8th Cir. 2000).  That is, before pursuing any claim based on discrimination, a plaintiff must present the claim to the EEOC.  See Tyler v. University of Arkansas Bd. of Trustees, 628 F.3d 980, 989 (8th Cir. 2011); Sauzek v. Exxon Coal, USA, Inc., 202 F.3d 913, 920 (7th Cir. 2000).  The federal court does not have jurisdiction over claims that were not presented to the EEOC in the plaintiff's administrative complaint.  Cottrill v MFA, Inc., 443 F.3d 629, 634 (8th Cir. 2006); Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222-23 (8th Cir. 1994).  When construing the scope of the plaintiff's claims, "[a] plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of the charges timely brought before the EEOC."  Williams, 21 F.3d at 222 (internal citations omitted).

For the purposes of a claim alleging work place discrimination, claims for refusal to rehire "constitute discrete employment actions" that must be identified in the administrative complaint before pursuing such claims in federal court.  Parisi v. The Boeing Co., 400 F.3d 583, 586 (8th Cir. 2005).  In Parisi, the plaintiff's claims of discrimination were based in part on the defendant's failure to rehire him based on his age.  Although the plaintiff's EEOC complaint cited one instance of the defendant's failure to rehire him, the plaintiff's second amended complaint filed with the federal court alleged "he had repeatedly applied for other positions with the Defendant . . . and [had] been repeatedly denied employment."  Id. at 584.  The defendant sought to have any claims based on the additional instances of refusal to rehire dismissed for failure to exhaust administrative remedies.  Id.  In granting the dismissal, the court noted that it was not reasonable for the EEOC "to look for and investigate such adverse employment actions if they [were] nowhere mentioned in the

3

administrative charge." Id. at 586. Accordingly, the Parisi court held the plaintiff failed to exhaust his administrative remedies as to the additional failure to rehire claims.

Likewise, in this case Ryan's EEOC complaint does not mention the alleged failure to rehire as a basis for his discrimination claims. Although Ryan argues the "administrative charges contain a skeleton sketch of [Ryan's] overall claim and the failure to rehire is "so closely related and/or a continuing act of discrimination that the failure to reinstate need not be specifically listed on the administrative charge," (filing no. 56, p. 2), this argument is contrary to the holding in Paresi. While charges that are "reasonably related" to a charge in an administrative filing need not be asserted separately, under Parisi, claims of failure to rehire are separate and distinct instances of discrimination and are not "reasonably related" to underlying claims of hostile work environment, unlawful termination, or even other refusals to rehire. Paresi, 400 F.3d at 586; see also Al-Zubaidy v. Tek Industries, Inc., 406 F.3d 1030, 1037 (8th Cir. 2005)(holding "a discriminatory failure-to-rehire claim is wholly distinct from a discriminatory discharge claim"); Sauzek, 202 F.3d at 920 (finding a failure to rehire claim is not "reasonably related" to a claim for discriminatory termination).

Ryan could have amended his original administrative charge or filed a second distinct complaint with the EEOC to address the alleged failure to rehire. See Parisi, 400 F.3d at 586. He did not. Thus, any claim based on a failure to rehire has not been administratively exhausted and any amendment alleging such a claim is futile. Ryan's Motion to Amend is therefore denied.

IT IS ORDERED that Plaintiff's Motion to Amend, (filing no. 45) is denied.

4

DATED this 22nd day of February, 2011.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.